UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| ARCHIE STALLWORTH, | ) |
| | ) |
| Petitioner, | ) Civil No. 0:17-049-HRW |
| | ) |
| v. | ) |
| | ) |
| THOMAS SMITH, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Archie Stallworth is a federal prisoner confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Stallworth has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him. [D. E. No. 1]. For the reasons set forth below, the Court will deny Stallworth's petition.

In May 2016, according to a prison incident report, an officer used a handheld metal detector to search Stallworth as he was exiting the bathroom. [D. E. No. 1-8 at 1]. The search yielded a positive result near Stallworth's groin, and the officer instructed Stallworth to hand over the object. [Id.]. Stallworth complied, reached into his pants, and turned over a cell phone. [Id.]. The officer filled out an incident report and charged Stallworth with a Code 108 offense, possession of a hazardous tool. [Id.].

1

A disciplinary hearing was held a few days later. [Id. at 7]. At the hearing, Stallworth disputed the officer's description of the incident and claimed that the officer found the cell phone in a bathroom stall that Stallworth had not been using. [Id. at 8]. Stallworth also argued, among other things, that there was "no way he could conceal a phone in his groin area while wearing just boxers." [Id.].

The discipline hearing officer (DHO), however, concluded that Stallworth possessed the cell phone. [Id. at 9]. The DHO explained that he was relying on the prison officer's incident report, attached photograph of the confiscated cell phone, and other evidence in the record. [Id.]. To be sure, the DHO indicated that he considered Stallworth's denial and explanation, including Stallworth's claim that he "could not possibly" have hidden a cell phone in the clothes he was wearing. [Id.]. But, in the end, the DHO gave "greater weight to the officer's account of the incident" and found "a strong measure of evidence present to support" the charge. [Id.]. The DHO ordered that Stallworth lose 41 days of good conduct time and imposed a series of other sanctions. [Id.].

Stallworth appealed the DHO's decision administratively within the Bureau of Prisons, but his efforts were unsuccessful. Stallworth then filed his § 2241 petition with this Court. [D. E. No. 1]. Stallworth asks the Court to enter an order "expunging his disciplinary conviction from his [prison] record and reinstating his 41 days of forfeited good conduct time." [Id. at 4].

The principal question before this Court is whether there was "some evidence" in the record to support the DHO's decision in this case. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013). This is a very low threshold. Indeed, the Court does not examine the entire record or independently assess the credibility of witnesses. *Hill*, 472 U.S. at 455. Instead, the Court merely asks "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added); *see also Higgs v. Bland*, 888 F.2d 443, 448-49 (6th Cir. 1989) (discussing this standard).

In this case, there was certainly some evidence in the record to support the DHO's decision. After all, the prison officer who conducted the search indicated that he found the cell phone on Stallworth's person. [D. E. No. 1-8 at 1]. The officer also submitted a photograph of the cell phone. [D. E. No. 1-8 at 8]. The DHO then relied on this and other evidence in deciding that Stallworth possessed the cell phone. [Id. at 7-10].

Stallworth, however, argues that he was denied a procedural protection he was due. Specifically, Stallworth claims that the DHO refused to allow him to present the clothing he was wearing during the incident in question. [D. E. No. 1 at 3]. Stallworth suggests that if he would have been allowed to present the clothing as evidence, the DHO would have determined that "he did not have a cell phone on his

3

person and that the clothing . . . he had on would not allow him to conceal and carry a cell phone in his genital area." [Id.].

It is certainly true that Stallworth is entitled to present evidence in his defense. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). However, the DHO indicated "that he considered all evidence presented at the hearing." [D. E. No. 1-2 at 8]. Moreover, even if Stallworth was not permitted to formally present the clothing he was wearing, the Court finds that any such error on the DHO's part was "not of constitutional magnitude under the facts of this case." *Hatch v. Wilson*, No. 09-cv-109-GFVT, 2009 WL 2877222, *8 (E.D. Ky. 2009). After all, the DHO specifically considered and rejected Stallworth's argument regarding his prison clothing and relied on the evidence in the record to sustain the charge in this case. [D. E. No. 1-8 at 9-10].

In conclusion, there was some evidence to support the DHO's decision that Stallworth possessed the cell phone, and the DHO did not run afoul of Stallworth's due process rights.

Accordingly, it is hereby **ORDERED** as follows:

1. Stallworth's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 26th day of September, 2017.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge